IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SAMUEL PAINTER,[1] | § | |
| | § | No. 376, 2020 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| LOUISE PAINTER, | § | File No. CN14-02909 |
| | § | Petition No. 20-11341 |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 20, 2021
Decided: October 22, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment of the Family Court should be affirmed on the basis of and for the reasons stated in its letter decision and order dated October 12, 2020. The appellant did not show by clear and convincing evidence that the appellee had violated the Family Court's January 21, 2020 custody order (amended on January 27, 2020) as written. The Court has not considered claims and information, including information relating to events after the October 12, 2020 decision, that

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

were not presented to the Family Court in the first instance.[2]

NOW, THEREFORE, IT IS ORDERED, that the Family Court's judgment is

AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn,  Jr.
Justice

---

[2] *See, e.g., Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily*, 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").